# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANIELLE THREADFORD, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:20-CV-750-RDP |
| } | |
| **HORIZON TRUST AND INVESTMENT** } | |
| **MANAGEMENT, N.A., et al.,** } | |
| } | |
| **Defendants.** } | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiffs Danielle Threadford and William Holmes ("Plaintiffs" or "Class Representatives") submitted a Motion for Final Approval of the Settlement ("Final Approval Motion") set forth in the Class Action Settlement Agreement dated May 17, 2022 (the "Settlement Agreement"). Class Counsel also has submitted to the Court their Motion for an Order Awarding Attorneys' Fees and Costs and Expenses to Class Counsel ("Class Counsel Fees and Costs Motion").

On September 1, 2022, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement. The Court also approved the procedure for giving Class Notice to the members of the Class, and set a Final Approval Hearing to take place on January 18, 2023. The Court finds that proper and adequate notice was given to the Class as required by the Court's Order.

The Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Class, and supporting affidavits.

On January 18, 2023, after notice, this Court held a Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, the Court has determined that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Class.

IT IS HEREBY **ORDERED**, **ADJUDGED** AND **DECREED** that:

1. **Definitions.**  This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Lawsuit and over all parties to the Lawsuit, including all Class Members, and venue in this Court is proper.

3. **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this Lawsuit.

4. **Class.**  As the Court ordered previously, the Settlement Class is defined as follows: "All persons who, at any time, were vested participants in the McKinney Communications Corporation Employee Stock Ownership Plan ("ESOP") prior to January 1, 2022 and the beneficiaries of such participants.  Excluded from the Settlement Class are the McKinney Defendants and their immediate families, the directors of McKinney, and legal representatives, successors, and assigns of any such excluded persons."

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointment of the Plaintiffs Danielle Threadford and William Holmes as Class Representatives, and the law firms of Bailey & Glasser LLP and Izard, Kindall & Raabe, LLP as Class Counsel.

6. **Settlement Approval.** Pursuant to Rule 23(e), the Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Parties, with the assistance of an experienced mediator. There were no timely objections to the Settlement. Accordingly, the Settlement is hereby finally approved in all respects, and the court concludes that there is no just reason for delay. The Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed.

8. **Releases.** The releases as set forth in Section 3 of the Settlement Agreement are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 3 of the Settlement Agreement, including but not limited to the definitions of Released Claims and Releasees. The Class Members and the ESOP shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees.

9. **Bar Order.** Plaintiffs and all Class Members are hereby barred and enjoined from filing any claim or action against any Releasee based on, relating to, or arising from any

Released Claim. The foregoing provision shall be a complete defense to any such lawsuit or claims against any of the Releasees.

10. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Certification of Settlement Class constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $700,000, and costs and expenses of $77,240.81. The Court has considered this application for fees and expenses separately and independently from this Judgment and the Court's approval of the Settlement. The Court finds that an award of $700,000 in attorneys' fees, and $77,240.81 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Amount.

12. **Use of Order.** The Parties have agreed that neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of any Defendant. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the

4

Lawsuit, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

13. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

14. **Termination of Settlement.** This Settlement Agreement may be terminated by either Party if the Final Order entered by the Court is reversed or modified in any material respect in any Appeal Proceeding; provided, however, that the terminating party must furnish written notice to Class Counsel or Defendants' Counsel of the termination of this Settlement within fourteen (14) calendar days from the date of such event and must also specify the terms modified or not approved that give rise to the right to terminate.  If the Settlement Agreement is terminated, the following shall occur: (i) Class Counsel or Defendants' Counsel shall promptly after the date of termination of the Settlement Agreement notify the Court, and Class Counsel shall cause the return any Settlement Amount to the Settling Parties, except for amounts disbursed or incurred pursuant to Section 8.1 of the Settlement Agreement; (ii) the Lawsuit shall for all purposes revert to its status as of the day immediately before March 21, 2022, and the Parties shall request a scheduling conference with the Court; and (iii) the Settlement shall be deemed void and of no further force and effect.

15. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Settlement Agreement.

16. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. **CAFA Notice.** Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

18. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby **DIRECTED**.

19. **Action Closed.** The Clerk of the Court is hereby directed to **CLOSE** the Action.

**DONE** and **ORDERED** this January 19, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE